IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| JAMES F. DRAYTON, ) | Civil Action No. 2:10-3226-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| J. AL CANNON, JR., as Sheriff for ) | |
| Charleston County, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was filed by the Plaintiff pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et. seq. The Defendant filed a motion for judgment on the pleadings on March 22, 2011, arguing that Plaintiff's claims are barred by Eleventh Amendment immunity.

In a response filed April 15, 2011, Plaintiff consents to dismissal of this case, but requests that the case be dismissed without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P., so that Plaintiff can pursue other state or federal law claims that may be applicable. Defendant opposes dismissal of the case without prejudice, and in a reply brief cites Taylor v. Knoxville Trucks, Inc., No. 10-713, 2010 WL 3951505 (D.S.C. Oct. 7, 2010), as support for his position. See Taylor, 2010 WL 3951505, at * 4 [Dismissal with prejudice appropriate where Plaintiff had notice of Defendant's position and made no effort to amend his pleadings or cure deficiency]. Plaintiff argues, however,



1

that he could possibly pursue his claim under state law, and that he is also entitled to preserve the opportunity to pursue a Rehabilitation Act claim if it is later determined that the Defendant receives federal funding. The undersigned accepts Plaintiff's arguments for purposes of a motion for judgment on the pleadings.

Based on the foregoing, it is recommended that the Defendant's motion for judgment on the pleadings be **granted**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 8, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 395
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3