**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| JAMES F. DRAYTON, | ) | C/A No. 2:10-3226-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| J. AL CANNON, JR., as Sheriff for | ) | |
| Charleston County, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Magistrate Judge Bristow Marchants' report and recommendation (R&R) that this court dismiss plaintiff's complaint without prejudice. Defendant filed written objections to the R&R on June 27, 2011. Plaintiff did not file any objections. For the reasons set forth below, the court adopts the magistrate judge's R&R and grants defendant's motion for judgment on the pleadings without prejudice.

**I.   STANDARD OF REVIEW**

The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the R&R to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). A party's failure to object is viewed as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review,

under a de novo standard or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50.

## II.  DISCUSSION

Defendant objects to the magistrate judge's recommendation that plaintiff's claims be dismissed without prejudice. Defendant supports his objection with two recent cases from the District of South Carolina. See Taylor v. Knoxville Trucks, Inc., No. 10-0713, 2010 WL 3951505 (D.S.C. Oct. 7, 2010); Newman v. S.C. Dept. of Emp. & Workforce, No. 10-0942, 2010 WL 4791932 (D.S.C. Nov. 18, 2010). While these cases demonstrate instances where dismissal with prejudice was proper, they represent exceptions rather than the rule. In both of these cases, plaintiffs presented factual scenarios under which no relief could be granted. The present case is distinguishable because the factual allegations, if proven, may provide a basis for relief; plaintiff has simply failed to invoke the proper law in the proper court.

It is also well settled that, "a dismissal with prejudice [under Rule 41] is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." Davis v. Williams, 588, F.2d 69, 70 (4th Cir. 1978). A plaintiff's motion for voluntary dismissal without prejudice under Fed. R. Civ. P. Rule 41(a)(2), as present here, should be granted unless the defendant will suffer prejudice. See Andes v. Versant Corp., 788 F.2d, 1033, 1036 (4th Cir. 1986). The main purpose of this rule is to freely permit voluntary dismissals while safeguarding the non-movant from prejudice. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). When determining whether to dismiss an action with or without prejudice, a district court considers the

following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." Hobbs v. Kroger Co., No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999); Gross v. Spies, Nos. 96-2146, 96-2203, 96-2150, 96-2149, 96-2147, 96-2204, 1998 WL 8006, at *5 (4th Cir. Jan 13, 1998).

After a de novo review of the record, the court fails to see any substantial harm that defendant would suffer by a dismissal without prejudice. Defendant does not indicate that he has incurred considerable expense or expended great effort in preparing for the case. Plaintiff requested dismissal pursuant to Rule 41(a)(2) approximately two months after the answer. This does not constitute excessive delay or lack of diligence. Plaintiff has sufficiently explained that a dismissal is needed to properly file the claims in state court. Defendant notes that plaintiff requested a voluntary dismissal under Rule 41 only after defendant filed for judgment on the pleadings, however, this is not a basis for dismissal with prejudice. See Andes, 788 F.2d at 1036 n. 4 ("Since Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice."). Accordingly, the court agrees with the magistrate judge's recommendation that the petition should be dismissed without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's R&R and

**GRANTS** defendant's motion for judgment on the pleadings without prejudice.

    **AND IT IS SO ORDERED**.

                                                                                    _____
                                                                                    **DAVID C. NORTON**
                                                                                    **CHIEF UNITED STATES DISTRICT JUDGE**

**July 28, 2011**
**Charleston, South Carolina**